UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALBERT E. RICH,

    Petitioner,

v.

CHRISTIAN PFEIFFER,

    Respondent.

Case No. 22-cv-02087-JD

**ORDER FOR RESPONDENT TO SHOW CAUSE**

Albert Rich, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The mixed petition was dismissed with leave to amend, and petitioner has filed a response.

## BACKGROUND

A jury found petitioner guilty of thirteen felony offenses involving human trafficking for commercial sex, torture and various sexual offenses. *People v. Rich*, No. A155040, 2021 WL 221961, at *1 (Cal. Ct. App. Jan. 22, 2021). Petitioner was sentenced to a prison term of 159 years to life. *Id*. The California Court of Appeal affirmed the conviction. *Id*. The California Supreme Court denied review. Petition at 3. Petitioner states that he filed no other appeals or habeas petitions. *Id*.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading

requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The original petition presented fifteen claims, but it appeared that only three claims were exhausted. The exhausted claims asserted that: 1) the prosecutor committed misconduct and violated petitioner's right to confront witnesses during opening arguments by referring to statements of witnesses who did not testify; 2) the prosecutor committed misconduct and violated petitioner's rights by asking improper questions to a witness; and 3) the cumulative effect of the prosecutor's opening statement and the improper witness questioning violated petitioner's rights.

Petitioner was informed that he could either demonstrate that the unexhausted claims had been exhausted, continue only with the exhausted claims and dismiss the unexhausted claims or file a motion for a stay. Petitioner has filed a response (Dkt. No. 7) and indicates he wishes to continue with the exhausted claims. The unexhausted claims are dismissed from the petition and liberally construed, the above three claims are sufficient to require a response.

**CONCLUSION**

1. The Clerk shall serve by electronic mail a copy of this order on the Attorney General of the State of California at **SFAWTParalegals@doj.ca.gov**. The Clerk also shall serve a copy of this order on petitioner by regular mail. Respondent can view the petition on the electronic docket (Dkt. No. 1).

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state

1 trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due sixty (60) days from the date this order is entered. If a motion is filed, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: May 13, 2022

JAMES DONATO
United States District Judge